**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAN LIU,<br><br>               Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No.   14-73737<br><br>Agency No. A087-807-603<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Yan Liu, a native and citizen of China, petitions for review of the decision of

the Board of Immigration Appeals (BIA) denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

(CAT). Liu challenges the adverse credibility determination made by the Immigration Judge (IJ) and affirmed by the BIA. She also challenges the denial of her application for CAT protection. Because Liu filed her application after 2005, the REAL ID Act applies.

"Where 'the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam) (quoting *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015)). We review adverse credibility determinations for substantial evidence, and the BIA's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. The BIA identified five grounds in support of the IJ's adverse credibility determination. We address only two here: inconsistences between documentary evidence and Liu's hearing testimony about (1) when she first decided to come to the United States and (2) when she suffered an eye injury. First, Liu repeatedly testified at the hearing that she did not decide to come to the United States—or seek the assistance of friends to find a way to leave China—until late March or early April 2007, after she was both released from police detention on February 20, 2007, and discharged from a hospital on February 28, 2007. But Liu's Form I-20

Certificate of Eligibility for Nonimmigrant (F-1) Student Status indicates that a college official in the United States signed it on February 19, 2007. Liu maintained at the hearing that the friend who was helping her get to the United States would not have known in February 2007 that she wanted to go to the United States.[1]

Second, Liu testified at the hearing that she suffered an eye injury at the hands of Chinese police on February 18, 2007. But her medical records indicate that when she sought treatment for an eye injury at a hospital on February 22, 2007, she told medical personnel that the injury occurred half an hour before her arrival there. The BIA reasonably upheld the IJ's finding, based in part on Liu's demeanor, that her testimony regarding the timing of the injury lacked credibility.

Substantial evidence supports the BIA's adverse credibility determination based on these two significant inconsistencies, which requires that we affirm the BIA's denial of Liu's applications for asylum and withholding of removal. The record does not compel a contrary credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B).

---

[1] Liu did not raise to the BIA her argument that she was not given an opportunity at the hearing to explain this inconsistency. She thus did not exhaust administrative remedies on this point and cannot argue it here. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). In any event, although Liu was not confronted with the document, she was specifically asked whether her friend would have known in February about her desire to come to the United States.

2.  "An adverse credibility determination does not, by itself, necessarily defeat a CAT claim . . . ." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). But Liu cites no evidence to support a finding of a likelihood of torture.  Her bare assertion that she would be arrested if she returned to China and that an arrest would constitute torture does not suffice.  *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018).

**PETITION DENIED.**