
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEHUA GONG; SHOUE ZENG, | No. 14-72391 |
| Petitioners, | Agency Nos. A201-036-604 |
| v. | A201-036-605 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Petitioners Kehua Gong and Shoue Zeng petition for review of the Board of

Immigration Appeals' (BIA) decision denying their applications for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

The agency's adverse credibility determination is supported by substantial evidence.[2]  "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).  Petitioners bear the burden of demonstrating their eligibility for asylum and withholding of removal, *see* 8 U.S.C. §§ 1158(b)(1)(B), 1229a(c)(4)(A), and we may not disturb the agency's factual findings or credibility determinations if they are supported by substantial evidence.  *See Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam).

"Because credibility determinations are findings of fact by the [Immigration Judge ("IJ")], they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (internal quotation marks omitted).  "Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is

_____

[1]  Petitioners do not address Convention Against Torture protection in their opening brief; we deem these claims abandoned. *See, e.g.*, *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010).

[2]  As the parties are familiar with the record and arguments on appeal, we recite only those facts necessary to decide the petition.

2

credible, and the IJ is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Id.* (internal quotation marks omitted). There is no exhaustive list of criteria the agency must consider, but "relevant factors will include demeanor, candor, responsiveness of the applicant or witness, the inherent plausibility of the applicant or witness's account, consistency between the applicant or witness's written and oral statements, internal consistency of each statement, and consistency of statements with other evidence." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010).

In this case, the IJ cited several aspects of both petitioners' testimony that support an adverse credibility determination. Preliminarily, the IJ concluded that both petitioners exhibited "blatant non-responsiveness" to the court's questions and observed that they were "evasive" in many of their answers. The IJ also noted "several inconsistencies" in Zeng's testimony, including the fact that she claimed to live in hiding for three and a half years out of fear that Chinese family planning authorities would forcibly sterilize her but also testified that she visited her husband once a month in a government-run detention camp. Similarly, the IJ observed that Gong testified he feared forced sterilization but could not explain why family planning authorities did not sterilize him while they detained him in their custody. Petitioners also conceded before the BIA that Chinese government

3

policy now forbids forced sterilization, but they continue to assert that they fear sterilization if they are returned to China. Finally, petitioners claimed that Chinese family planning officials were searching for them but also admitted leaving China on valid travel documents that bore their true names. These inconsistencies, coupled with the IJ's assessment of petitioners' demeanor, candor, and responsiveness to questions, constitute sufficient evidence to uphold the agency's adverse credibility determination. *See Hammad v. Holder*, 603 F.3d 536, 544 (9th Cir. 2010) (explaining that, under the substantial evidence standard, "the court must affirm the BIA's order when there is such relevant evidence as reasonable minds might accept as adequate to support it, even if it is possible to reach a contrary result on the basis of the evidence." (internal quotation marks omitted)). Petitioners argue that they should have been given additional opportunity to provide further corroboration, but because the IJ considered petitioners' documentary evidence in reaching the adverse credibility determination, the agency was not required to afford further opportunity to provide additional corroborative evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("When an IJ has considered the corroborating evidence provided by an applicant for relief but deemed that evidence insufficient, the IJ need not afford the applicant an opportunity to provide additional evidence."). Further, petitioners fail

to identify any additional corroborative evidence that could have buttressed their claim.

In view of the agency's adverse credibility determination, petitioners failed to meet their burden of establishing eligibility for either asylum or withholding of removal. *See Shrestha*, 590 F.3d at 1048.

**PETITION DENIED.**