NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEI WANG, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70073 Agency No. A087-612-559 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2019[**]
Pasadena, California

Before: CALLAHAN, FISHER,[***] and R. NELSON, Circuit Judges.

Petitioner Lei Wang seeks review of a decision of the Board of Immigration

Appeals (BIA) dismissing an appeal from the denial by an immigration judge (IJ)

of his applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[1]

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). An applicant bears the burden of demonstrating eligibility for asylum (8 U.S.C. § 1158(b)(1)(B)), withholding of removal (8 C.F.R. § 208.16(b)), and protection under CAT (8 C.F.R. § 208.16(c)). We may not disturb the agency's factual findings or credibility determinations if they are supported by substantial evidence. *See Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam). "Under the REAL ID Act, which applies here, 'there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on "the totality of the circumstances" and "all relevant factors.""" *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014)).

Substantial evidence supports the agency's adverse credibility determination. Relying on Wang's representations during the May 2011 hearing, the IJ found several discrepancies in Wang's testimony as compared with his written applications. In upholding the IJ's adverse credibility ruling, the BIA

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

relied on three inconsistencies/implausibilities in Wang's account: (1) whereas Wang's application describes his altercation at the police station by stating only that the police "struck [him] with their fists and feet," he testified that the police "beat [him] black and blue," that the "most impressive memory" he had about the incident was being hit by a police baton two times, and that he was handcuffed afterward; (2) whereas his application stated that Wang had worked as a chef at a hotel for six years and he listed the name and address of his employer as "Changchun HanghangLele City, Dajing Bd., Changchun, China," Wang testified that he had worked as a chef for only two years and he identified the name of the hotel as Gielian Hotel; and (3) Wang was unable to provide the location of the church in Los Angeles that he claimed to have attended on a regular basis for five years.

Although another trier of fact could have found the inconsistencies to be minor, the IJ articulated a reasonable basis for disbelieving Wang. Likewise, the IJ was not required to accept the explanations that Wang offered when confronted with the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The record before us does not compel a finding that Wang was credible. Because all of Wang's claims were based on his testimony that the agency found to be not credible, Wang failed to show that he is eligible for any of the relief he sought. *See id.* at 971.

3

**PETITION DENIED**.