**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANILO ALBERTO MAIRENA, AKA
Danilo Alberto Mairewa, AKA
Danilo Alberto Mariena, AKA
Danilo Marieno,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,
*Respondent.*

No. 15-72833

Agency No.
A027-142-897

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2018[*]
Pasadena, California

Filed March 7, 2019

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Ronald M. Gould and Mary H. Murguia, Circuit Judges, and Carol Bagley Amon,[**] District Judge.

Per Curiam Opinion

_____

**SUMMARY**[***]

_____

## Immigration

Denying Danilo Mairena's petition for review of a decision of the Board of Immigration Appeals that upheld an immigration judge's denial of withholding of removal, protection under the Convention Against Torture ("CAT"), and related relief, the panel held that it is appropriate for the BIA to consider sentencing enhancements when it determines that a petitioner was convicted of a per se particularly serious crime.

Mairena was convicted of willful infliction of corporal injury upon the mother of his child with a prior conviction, in violation of California Penal Code § 273.5(e)(1), and was sentenced to five years of imprisonment: four years for the offense, plus a one-year enhancement, pursuant to California Penal Code § 12022.5(b)(1), for using a weapon during the commission of the offense.

_____

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In removal proceedings, the BIA concluded that (1) Mariena was statutorily ineligible for withholding of removal because he was sentenced to an aggregate term of five years of imprisonment for his corporal injury conviction, factoring in the one-year enhancement; and (2) the IJ did not clearly err in determining that Mairena failed to establish that he would more likely than not be tortured if he returned to Nicaragua.

Under 8 U.S.C. § 1231(b)(3)(B)(ii), withholding of removal is not available "if the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States . . . ." The provision further explains: "For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."

Mairena did not dispute that his conviction constituted an aggravated felony, but argued that the BIA erred by considering the one-year sentencing enhancement in deciding that he was sentenced to an aggregate term of imprisonment of five years—and consequently convicted of a per se particularly serious crime—because the enhancement was not an element of the offense and because the statutory maximum for his offense was four years.

The panel noted that aggravated felonies with resulting sentences of at least five years are per se particularly serious and, by contrast, aggravated felonies resulting in sentences fewer than five years are not per se particularly serious and require a case-by-case analysis. The panel also observed that this court has already held that it is appropriate for the BIA

to consider sentencing enhancements when it determines that a petitioner was convicted of a particularly serious crime on a case-by-case basis.

The panel now clarified that it is also appropriate for the BIA to consider sentencing enhancements when it determines that a petitioner was convicted of a per se particularly serious crime. The panel explained that Mairena's contention that the BIA could not consider his sentencing enhancement was foreclosed by the plain language of § 1231(b)(3)(B), in that the five-year requirement is keyed to the "aggregate term of imprisonment" for the actual sentence imposed—not to the statutory maximum. The panel also observed that nothing in the text of the statute prohibits the BIA from considering sentencing enhancements in computing the aggregate term of imprisonment.

Moreover, the panel noted that, even if it accepted Mairena's contention that it should look to the statutory maximum in interpreting § 1231(b)(3)(B), the statutory maximum for Mairena's offense of conviction was in fact five years, not four years.

The panel also concluded that substantial evidence supported the BIA's conclusion that Mairena was ineligible for CAT relief. The panel concluded that the IJ was not required to conduct a separate credibility analysis in adjudicating the CAT claim, explaining that the IJ was entitled to rely on the adverse credibility determination in denying CAT relief, provided that the IJ considered other evidence in the record on country conditions in Nicaragua. The panel concluded that the IJ did so in this case. The panel also concluded that the record did not compel the conclusion

that Mairena would more likely than not be tortured upon return to Nicaragua.

## COUNSEL

Tania Pham, Law Offices of Tania T. Pham, Woodland Hills, California, for Petitioner.

Benjamin J. Zeitlin, Attorney; Carl McIntyre, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

PER CURIAM:

Petitioner Danilo Mairena, a native and citizen of Nicaragua, petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for withholding of removal, protection under the Convention Against Torture ("CAT"), and related relief. We have jurisdiction under 8 U.S.C. § 1252. We deny his petition.

## BACKGROUND

Mairena, a native and citizen of Nicaragua born in 1979, entered the United States on a visitor visa in 1984 and attained lawful permanent resident status in 1988. Mairena's wife, two daughters, and parents reside in the United States, and he has no family left in Nicaragua.

On August 9, 2010, Mairena was convicted of willful infliction of corporal injury upon the mother of his child with a prior conviction, in violation of California Penal Code § 273.5(e)(1).[1]    He had been previously convicted of corporal injury to a spouse in 2008.  Mairena was sentenced to five years of imprisonment: four years for the offense, plus a one-year enhancement, pursuant to California Penal Code § 12022.5(b)(1),[2] for using a weapon during the commission of the offense.  That same day, Mairena was also convicted of dissuading a witness, in violation of California Penal Code § 136.1(c)(1), for which he was sentenced to three years of imprisonment.

On October 10, 2013, the Department of Homeland Security served Mairena with a Notice to Appear and charged him as removable based on those two felony convictions under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  On

---

[1] California Penal Code § 273.5(e)(1) has been amended since Mairena's conviction. Mairena was convicted under what is now California Penal Code § 273.5(f)(1).  *Compare* Cal. Penal Code § 273.5(e)(1) (2010), *with id.* § 273.5(f)(1) (2018).

[2] Although the judgment of conviction lists California Penal Code § 12022.5(b)(1) as the source of the one-year enhancement, it presumably should have listed California Penal Code § 12022(b)(1). The former authorizes an additional term of five, six, or ten years for the use of an assault weapon; the latter authorizes an additional term of one year for the use of a deadly or dangerous weapon in the commission of a felony.  *Compare* Cal. Penal Code § 12022.5(b)(1) (2010), *with id.* § 12022(b)(1) (2010).  The First Amended Information charges Mairena under the latter provision for using a pipe during the offense.  In any event, the particular enhancement provision is irrelevant to our resolution of the issues presented in this case.

March 20, 2014, the IJ (Walsh, *I.J.*) concluded that Mairena was removable as charged.

On May 15, 2014, Mariena applied for asylum, withholding of removal, and CAT protection.  In his application, Mairena alleged that he feared that the Sandinistas would kill him because his family was previously persecuted by the Sandinistas and was currently fighting with President Daniel Ortega to recover seized family property.[3]  On October 15, 2014, Mairena applied for adjustment of status and a waiver of inadmissibility.

On April 1, 2015, the IJ denied all relief.  As relevant to this petition, the IJ concluded as follows: (1) Mairena was statutorily ineligible for withholding of removal because he was sentenced to an aggregate term of eight years of imprisonment for his two felony convictions, and therefore convicted of a per se particularly serious crime; and (2) Mariena failed to carry his burden of proving that he would more likely than not be tortured if he returned to Nicaragua, and thus CAT protection was not warranted.

On August 27, 2015, the BIA affirmed the IJ's decision and dismissed Mairena's appeal.  As relevant to this petition, the BIA concluded as follows: (1) Mariena was statutorily ineligible for withholding of removal because he was sentenced to an aggregate term of five years of imprisonment for his corporal injury conviction, factoring in the one-year enhancement; and (2) the IJ did not clearly err in determining that Mairena failed to establish that he would more likely

---

[3] According to the United States Department of State Nicaragua 2013 Human Rights Report, contained in the record below, the Sandinista National Liberation Front is a political party that has increasingly concentrated political power in Nicaragua.

than not be tortured if he returned to Nicaragua. The BIA did not rely on Mairena's conviction for dissuading a witness, for which he was sentenced to three years of imprisonment.

On September 14, 2015, Mairena timely petitioned this Court for review.

## JURISDICTION AND STANDARD OF REVIEW

We lack jurisdiction to review "any final order of removal against an alien who is removable" because he committed an aggravated felony, *see* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii), but "we retain jurisdiction to decide our own jurisdiction and to resolve questions of law," *Bolanos v. Holder*, 734 F.3d 875, 876 (9th Cir. 2013). "Although we cannot reweigh evidence to determine if the crime was indeed particularly serious, [we] can determine whether the BIA applied the correct legal standard." *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (alteration in original) (quoting *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013)).

We also have jurisdiction to review the BIA's denial of CAT protection where, as here, "the IJ did not rely on [petitioner's] conviction . . . but instead denied relief on the merits." *Alphonsus v. Holder*, 705 F.3d 1031, 1036–37 (9th Cir. 2013), *abrogated on other grounds as recognized in Guerrero v. Whitaker*, 908 F.3d 541 (9th Cir. 2018).

Where "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). "[W]e treat the

incorporated parts of the IJ's decision as the BIA's." *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

We review legal questions *de novo* and factual findings, including adverse credibility determinations, for substantial evidence. *Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B); *see also Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007) ("Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion.").

## DISCUSSION

## I. The Particularly Serious Crime Determination

In general, an alien is entitled to withholding of removal if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). But withholding of removal is not available "if the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States . . . ." *Id.* § 1231(b)(3)(B)(ii). The provision further explains:

> For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be

considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

*Id.* § 1231(b)(3)(B).

Under the statute, the appropriate analytical lens depends on the length of the sentence imposed. "[A]ggravated felonies with resulting sentences of at least five years are per se particularly serious . . . ." *Guerrero*, 908 F.3d at 545. By contrast, "aggravated felonies resulting in sentences fewer than five years are not per se particularly serious and still require a case-by-case analysis . . . ." *Blandino-Medina*, 712 F.3d at 1347 (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1220 n.4 (9th Cir. 2006)).[4]

Mairena does not dispute that his conviction for corporal injury constitutes an aggravated felony.[5] He argues,

---

[4] Under the case-by-case analysis, this Court considers the conviction in light of the *Frentescu* factors: "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Konou*, 750 F.3d at 1127 (quoting *Matter of Frentescu*, 18 I & N. Dec. 244, 247 (B.I.A. 1982)). We review for abuse of discretion the BIA's case-by-case determination that an individual was convicted of a particularly serious crime. *Id.*

[5] "As used in immigration law, 'aggravated felony' is a term of art referring to the offenses enumerated under [8 U.S.C.] § 1101(a)(43)." *Delgado v. Holder*, 648 F.3d 1095, 1101 (9th Cir. 2011) (en banc). Among the enumerated offenses is "a crime of violence . . . for which

however, that the BIA erred by considering the one-year sentencing enhancement in deciding that he was sentenced to an aggregate term of imprisonment of five years—and consequently convicted of a per se particularly serious crime—because the enhancement was not an element of the offense and because the statutory maximum for his offense is four years. Instead, he contends, the BIA should have engaged in a case-by-case analysis.

We have already held that it is appropriate for the BIA to consider sentencing enhancements when it determines that a petitioner is convicted of a particularly serious crime on a case-by-case basis. *Konou*, 750 F.3d at 1128. As this Court explained, the case-by-case analysis calls for analyzing the "type of sentence imposed," and "[a]n enhanced sentence by its plain language can be considered a type of sentence." *Konou*, 750 F.3d at 1128. We thus rejected the argument that "the BIA cannot consider a sentencing enhancement when it determines whether a crime is particularly serious." *Id.*

We now clarify that it is also appropriate for the BIA to consider sentencing enhancements when it determines that a petitioner was convicted of a per se particularly serious crime. *See Garcia v. Lynch*, 652 F. App'x 591, 593 (9th Cir. 2016) (applying *Konou* to a per se particularly serious crime determination). Mairena's contention that the BIA could not consider his sentencing enhancement is foreclosed by the plain language of the statute. Section 1231(b)(3)(B) asks whether the individual has been convicted of an aggravated felony for which he "has been sentenced to an aggregate term of imprisonment of at least 5 years." 8 U.S.C.

---

the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

§ 1231(b)(3)(B).  Thus, the five-year requirement is keyed to the "aggregate term of imprisonment" for the actual sentence imposed—not to the statutory maximum.  *Cf. United States v. Corona-Sanchez*, 291 F.3d 1201, 1208–09 (9th Cir. 2002) (en banc) (in determining whether a conviction categorically qualifies as an aggravated felony because it is an offense "for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G), a court "must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements"), *superseded by statute on other grounds as explained in United States v. Gomez-Mendez*, 486 F.3d 599, 604–05 (9th Cir. 2007); *Rusz v. Ashcroft*, 376 F.3d 1182, 1184–85 (9th Cir. 2004) (applying *Corona-Sanchez* to a provision of the Immigration and Nationality Act that provides for the removal of an alien convicted of, *inter alia*, "a crime for which a sentence of one year or longer may be imposed" (quoting 8 U.S.C. § 1227(a)(2)(A)(i)(II))). Nothing in the text of § 1231(b)(3)(B) prohibits the BIA from considering sentencing enhancements in computing the aggregate term of imprisonment.

Moreover, even if we accepted Mairena's contention that we should look to the statutory maximum in interpreting § 1231(b)(3)(B), the statutory maximum for Mairena's offense of conviction was in fact five years, not four years. Although the statutory maximum for a corporal injury conviction under California Penal Code § 273.5(a) was indeed four years, Mairena was convicted under California Penal Code § 273.5(e)(1), which provided for an enhanced statutory maximum of five years for an individual with a prior corporal injury conviction within the last seven years. *Compare* Cal. Penal Code § 273.5(a) (2010), *with id.* § 273.5(e)(1) (2010).  When he was convicted in 2010, Mairena had such a prior conviction from 2008.

Accordingly, the BIA applied the correct legal standard when it determined that Mairena was convicted of a per se particularly serious crime and was therefore ineligible for withholding of removal.

## II. The Denial of CAT Protection

An individual who is ineligible for withholding of removal is nevertheless eligible for "deferral of removal to the country where he or she is more likely than not to be tortured."  8 C.F.R. § 1208.17(a).  "Torture is an extreme form of cruel and inhuman treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, but defeats the object and purpose of CAT."  *Konou*, 750 F.3d at 1124 (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)); *see also* 8 C.F.R. § 1208.18(a)(1) (defining torture). In addition, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Garcia-Milian*, 755 F.3d at 1033.

The applicant bears the burden of proving that he is eligible for deferral of removal under CAT.  8 C.F.R. § 1208.17(d)(3).  "Evidence of past torture inflicted upon the applicant" is relevant in assessing whether torture is more likely than not.  8 C.F.R. § 1208.16(c)(3); *see also Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001).  A United States Department of State report "can carry an applicant's burden of establishing a probability of torture," but it "can also serve to outweigh an applicant's evidence of a probability of torture."  *Konou*, 750 F.3d at 1125.  In addition, the "testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without

corroboration." 8 C.F.R. § 1208.16(c)(2); *see also Konou*, 750 F.3d at 1124.

Substantial evidence supports the BIA's conclusion that Mairena was ineligible for CAT relief. First, the IJ was not required to conduct a separate credibility analysis in adjudicating Mairena's CAT claim. Contrary to Mairena's contention, the IJ was entitled to rely on the adverse credibility determination in denying CAT relief, *see Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), provided that the IJ considered other evidence in the record on country conditions in Nicaragua, *Kamalthas*, 251 F.3d at 1282–84. The IJ did so in this case. Second, the record does not compel the conclusion that Mairena would more likely than not be tortured upon return to Nicaragua. Although both Mairena and his family expressed fear that he would be tortured because of his family's pro-Contra association, (1) the persecution for which his family received political asylum transpired thirty years ago, (2) Mairena himself was never tortured, and (3) there was no evidence that Mairena or anyone in his family had received threats while attempting to regain family land from the government. Mairena has not contested the accuracy of these findings on appeal; instead, he essentially seems to disagree with the agency's conclusion. But "our task 'is to determine whether there is substantial evidence to support the BIA's finding, not to substitute an analysis of which side in the factual dispute we find more persuasive.'" *Singh*, 802 F.3d at 974–75 (quoting *Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1050 (9th Cir. 2001)). The BIA also concluded that, while the Department of State report indicates that some former Contras were likely killed by the Nicaraguan government, those individuals—unlike Mairena—were well known and involved in armed confrontations. The "BIA's interpretation of the Report is entitled to deference." *Konou*, 750 F.3d at

1125; *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (denying CAT relief where the Department of State reports indicate that torture has occurred, but "do not indicate that [petitioner] would face any particular threat of torture beyond that of which all citizens of Nepal are at risk"). Finally, Mairena has not suggested on appeal that either the IJ or the BIA failed to consider relevant evidence in the record.

Accordingly, substantial evidence supports the BIA's determination that Mairena failed to establish that he would more likely than not be tortured in Nicaragua.

Petition **DENIED**.