NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAOFANG LIN,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   15-71841

Agency No. A205-541-129

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Chaofang Lin petitions for review of the Board of Immigration Appeals'

(BIA) order dismissing his appeal of the Immigration Judge's (IJ) denial of his

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Convention Against Torture (CAT). Lin, a native and citizen of China, contests the adverse credibility determination made by the IJ and upheld by the BIA. He also challenges the denial of his application for CAT protection. Lin filed his application after 2005, and therefore the REAL ID Act applies. *See* REAL ID Act of 2005, Pub. L. No. 109-13, §§ 101(a)(3), 101(d)(2), 119 Stat. 302 (May 11, 2005).

We review "factual findings, including adverse credibility determinations, for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). Under this "standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

"Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we '. . . review . . . the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). "[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Id.* (quoting *Tekle*, 533 F.3d at 1051).

1.  In finding no clear error in the IJ's adverse credibility determination, the BIA cited with approval several of the IJ's findings: Lin's failure to mention during his hearing testimony—as he had in his asylum application—that police shoved his head against a wall during his detention; inconsistencies regarding dates; contradictory evidence as to whether Lin's wife was still in hiding; and Lin's inability to explain why he chose to spend 460,000 RMB to be smuggled into the United States to avoid paying a 30,000 RMB fine in China, which he claimed he could not afford. Substantial evidence supports the BIA's adverse credibility determination. The record does not "compel" a contrary credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B). We therefore deny the petition for review.

2.  "An adverse credibility determination does not, by itself, necessarily defeat a CAT claim . . . ." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). But absent credible testimony to support his CAT petition, Lin must rely on the documentary evidence. That evidence alone does not "compel the conclusion" that Lin would more likely than not be tortured if he returned to China. *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010). The BIA's denial of Lin's application for CAT protection is thus supported by substantial evidence.

**PETITION DENIED.**