**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRINA ANATOLEVNA KOCHETKOVA,
MARINA MOCHALOVA, and POLINA
MOCHALOVA,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-73536

Agency Nos.  A205-176-867
A205-176-869
A205-176-870

MEMORANDUM[*]

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Submitted November 7, 2019[**]
Pasadena, California

Before:  FARRIS and McKEOWN, Circuit Judges, and KENDALL,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Virginia M. Kendall, United States District Judge for the
Northern District of Illinois, sitting by designation.

Irina Kochetkova, Marina Mochalova, and Polina Mochalova,[1] natives and citizens of Russia, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks omitted). We review adverse credibility determinations for substantial evidence and apply the standards governing adverse credibility determinations created by the REAL ID Act. *Id.* at 1039-41. The BIA's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)). Given the "healthy measure of deference to agency credibility

---

[1] Marina and Polina Mochalova are Kochetkova's children and are included as derivative beneficiaries of Kochetkova's application for relief. They did not testify in support of their claims, relying solely on the lead petitioner. This disposition therefore focuses on Kochetkova's testimony.

determinations" that the REAL ID Act requires, *Shrestha*, 590 F.3d at 1041, we conclude that substantial evidence supports the BIA's adverse credibility determination.

In dismissing Kochetkova's appeal, the BIA cited multiple aspects of Kochetkova's testimony and the record that were inconsistent and inherently implausible. Taken together, these inconsistencies and inherently implausible aspects support an adverse credibility determination. First, Kochetkova and her now ex-husband voluntarily returned to Russia twice after trips to the United States in 2010 and 2011, years after local police and government officials began taking retaliatory actions against Kochetkova and her ex-husband for their support of a political party that opposed United Russia. Kochetkova did not apply for asylum during either trip to the United States. The BIA found that voluntary return to Russia undermined Kochetkova's credibility. *See Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008) (holding that voluntary returns to one's home country can support an adverse credibility finding). Similarly, Kochetkova's ex-husband abandoned his asylum application, left the United States and went to Mexico, and was deported to Russia, where he secured a divorce from Kochetkova. The BIA reasonably found that it was inconsistent that he would return to Russia and interact with government officials if he and his family had been persecuted for

3

their political views, and found that Kochetkova could not provide sufficient details or explanations for her ex-husband's actions. Next, the BIA found it implausible and not believable that Kochetkova and her husband bought a $1,000,000 home in the United States during their 2011 trip despite their plans to return to Russia. Kochetkova claimed they purchased the home to try to prevent Russian authorities from seizing the funds, but the BIA agreed with the IJ's finding that Kochetkova's explanation was implausible, given that they voluntarily returned to Russia after the purchase and that the authorities left $40,000 undisturbed in their account. Finally, the BIA found that Kochetkova's lack of corroborating evidence regarding she and her ex-husband's political affiliation undermined her credibility. The BIA noted that Kochetkova's only corroborating evidence consisted of letters from interested witnesses and psychological evaluations based on she and her ex-husband's accounts of relevant events, so they should be afforded diminished weight.

Substantial evidence supports the BIA's adverse credibility determination based on these inconsistencies and implausible aspects, which requires that we affirm the BIA's denial of Kochetkova's applications for asylum and withholding of removal. Kochetkova's contentions that the BIA should have considered certain corroborating evidence in assessing the "totality of the circumstances" and

4

accepted her explanations to the IJ fail to demonstrate an "extraordinary circumstance[ ]" that "compel[s]" us to disagree with the BIA's credibility determination. *Shrestha*, 590 F.3d at 1041; 8 U.S.C. § 1252(b)(4)(B); *see also Hammad v. Holder*, 603 F.3d 536, 544 (9th Cir. 2010) (explaining that, under the substantial evidence standard, "the court must affirm the BIA's order when there is such relevant evidence as reasonable minds might accept as adequate to support it, even if it is possible to reach a contrary result on the basis of the evidence." (internal quotation marks omitted)). Kochetkova also argues the BIA erred by determining that the IJ was not required to give her an additional opportunity to provide further corroboration. But Kochetkova is entitled to that opportunity only if her testimony is "otherwise credible," which is not the case here. *Lai v. Holder*, 773 F.3d 966, 975-76 (9th Cir. 2014); *see also Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("When an IJ has considered the corroborating evidence provided by an applicant for relief but deemed that evidence insufficient, the IJ need not afford the applicant an opportunity to provide additional evidence.").

We also deny the petition for review as to Kochetkova's CAT claim because it was based in part on the same testimony that the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that

5

Kochetkova and her family would be tortured by or with the consent or acquiescence of the government if returned to Russia. *See Shrestha*, 590 F.3d at 1048-49. Substantial evidence supports the BIA's denial of CAT relief.

The petition for review is **DENIED**.