**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUKHTIRATH SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-73886

Agency No. A205-243-265

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 18, 2019
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANELLO,[**] District Judge.

Petitioner Sukhtirath Singh (Singh) petitions for review of the decision of

the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration

Judge's denial of his application for asylum, withholding of removal, and deferral

of removal under the Convention Against Torture (CAT).  Singh maintains that he

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

is entitled to asylum and withholding of removal because he was persecuted by Sikhs due to his adherence to the religious teachings of a non-Sikh guru. Singh contends that substantial evidence does not support the Immigration Judge's adverse credibility determination. Singh further asserts that he is entitled to deferral of removal under the CAT because he demonstrated that it was more likely than not that he would be tortured in India.

"Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is credible, and the [Immigration Judge] is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors. . . ." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citation and internal quotation marks omitted). Even in the absence of the Immigration Judge's findings concerning Singh's demeanor, substantial evidence supports the adverse credibility determination due to inconsistencies between Singh's testimony and his original statement in support of his asylum application. *See id.* In his original written statement, Singh related that he and his brother were attacked, and that they were rendered "unconscious." However, Singh testified that he was alone when attacked, his brother was beaten later in the evening, and he became "nervous," rather than "unconscious." Although Singh submitted an

2

amended statement, the amended statement failed to persuasively explain why his testimony contradicted the original statement supporting his asylum application.

The BIA concluded that the supporting documentation submitted by Singh did not rehabilitate his inconsistent testimony, and further supported the adverse credibility determination. Indeed, certain documents undermined Singh's claim that the police refused to address violence between Sikhs and followers of the guru. Other documentation submitted by Singh, such as a letter briefly stating that Singh and his brothers were "in big problem [sic] in India because of Sikh . . . people," a medical certificate lacking details regarding the source of Singh's injuries, and statements from his family members do not compel a finding that Singh's testimony was credible. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (explaining that "in order to reverse the BIA, we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief") (citation and internal quotation marks omitted) (emphases in the original).

Substantial evidence also supports the BIA's denial of deferral of removal pursuant to the CAT. In addition to considering the adverse credibility determination, the BIA concluded that Singh "has not claimed past torture or

3

provided sufficient reasons why he would be targeted for such mistreatment in the future." The country reports did not reflect that followers of the guru were subjected to torture. *See Mairena v. Barr*, 917 F.3d 1119, 1125-26 (9th Cir. 2019) (holding that substantial evidence supported denial of deferral of removal under the CAT based on an adverse credibility determination and the BIA's review of the record, including country reports).

**PETITION DENIED.**