**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO CARLOS RIVERA-ROJAS,
AKA Roberto Rivera, AKA Carlos Rojas
Rivera,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-71104

Agency No. A095-731-936

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Roberto Carlos Rivera-Rojas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The agency did not abuse its discretion in determining that Rivera-Rojas' conviction under California Penal Code Section 243.4(b) was a particularly serious crime that barred him from eligibility for asylum and withholding of removal, where it considered the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 (explaining that review is limited to ensuring that the agency relied on the "appropriate factors and proper evidence" and that the court may not reweigh the evidence (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT relief because Rivera-Rojas failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Mairena v. Barr*, 917 F.3d 1119, 1125-26 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**

17-71104