**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAO LI,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.    19-71610<br><br>Agency No. A206-662-347<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before:  SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

Petitioner Hao Li (Petitioner) petitions this Court for review of a decision

from the Board of Immigration Appeals (BIA) dismissing his appeal of the denial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on an adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing "factual findings, including adverse credibility determinations, for substantial evidence," we deny the petition. *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019).

Substantial evidence supports the agency's credibility determination. Petitioner omitted on direct examination an interrogation by the police that he subsequently disclosed during cross-examination. The agency permissibly determined that a subsequent visit and interrogation by the same police officers who previously arrested and beat him was not a minor event that could be justifiably omitted. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016) (holding that substantial evidence supported adverse credibility determination when petitioner initially omitted "altercations with police" which told a "more compelling story of persecution") (alteration omitted).

The agency also permissibly determined that Petitioner's testimony was not credible because he was unaware of what a "digital fingerprint" was although he represented himself as having a computer science background. Despite attempts by the Immigration Judge (IJ) to determine the basis for this inconsistency, Petitioner's answers were meandering and nonreponsive. *See Ling Huang v.*

*Holder*, 744 F.3d 1149, 1153, 1155 (9th Cir. 2014) (explaining that "an adverse credibility determination" may be based "on the 'demeanor, candor, or responsiveness' of the applicant" and a "non-responsive hesitation[] is sufficient to support the IJ's demeanor finding" and "adverse credibility determination") (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Finally, Petitioner's testimony regarding the legality of his conduct was conflicting. Petitioner's testimony that he "felt [he] did not do anything wrong" was inconsistent with his later admission that he violated the law when accessing medical records at will. *See Enying Li v. Holder*, 738 F.3d 1160, 1163-66 (9th Cir. 2013) (upholding adverse credibility because of inconsistencies in the petitioner's testimony). In the absence of credible testimony, the agency appropriately determined that Petitioner did not satisfy his burden of establishing eligibility for relief under the immigration statues. *See Ling Huang*, 744 F.3d at 1151.

**PETITION DENIED.**