NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO MATAMOROS MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-70504

Agency No. A028-579-973

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022**
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,***
District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

Petitioner Pedro Matamoros Martinez, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

**1.** Substantial evidence supports the agency's determination that Matamoros Martinez did not establish past persecution or a likelihood of future persecution on the basis of a protected ground. Matamoros Martinez credibly testified that, in 1984, members of the Sandinista military came to his family home to recruit him, causing him to hide at an aunt's house for three days. He stated that he feared joining the military because of his parents' anti-Sandinista political views. The agency's determination that this incident did not amount to persecution is supported by substantial evidence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

The record does not compel the conclusion that Matamoros Martinez faces a likelihood of future persecution if returned to Nicaragua. Matamoros Martinez testified that he fled Nicaragua in 1988. On cross-examination, he admitted that siblings who still live in Nicaragua no longer receive threats or otherwise have problems with the Sandinista government, which remains in power. His parents also lived in Nicaragua until their deaths without experiencing further problems.

On this record, Matamoros Martinez's fear that he might be singled out for persecution more than 30 years after the soldiers came to his home does not rise above mere speculation. Because he cannot establish a clear probability of persecution, we need not reach his arguments that the agency erred in finding that any such persecution lacked a nexus to his membership in a particular social group.

**2.** For similar reasons, the agency's denial of CAT protection is also supported by substantial evidence. Given that more than 30 years have passed since Matamoros Martinez left Nicaragua, no evidence in the record compels the conclusion that on return he is more likely than not to be identified by Sandinista authorities and subjected to treatment amounting to torture. *See Mairena v. Barr*, 917 F.3d 1119, 1125–26 (9th Cir. 2019). Country conditions reports indicating widespread human rights abuses aimed at political opponents are not, on their own, sufficient to prove that Matamoros Martinez himself would face such treatment. *Id.* at 1126.

**PETITION FOR REVIEW DENIED.**