NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHACHATUR CHOBANYAN, | No. 17-71955 |
| Petitioner, | Agency No. A202-097-570 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022[**]
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,[***] District Judge.

Khachatur Chobanyan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeal's (BIA) dismissal of his appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

"We review . . . factual findings, including adverse credibility determinations, for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). Under this standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The BIA upheld the IJ's adverse credibility determination, and that finding is supported by substantial evidence in the record. The agency identified several inconsistencies and vague responses in Chobanyan's hearing testimony, most of which are supported by the record and are "at the heart of" Chobanyan's claim. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). "Although inconsistencies no longer need to go to the heart of the petitioner's claim" to form the basis of an adverse credibility determination, "when an inconsistency is at the heart of the claim it doubtless is of great weight." *Id.* at 1046–47. "[L]ook[ing] to the 'totality of the circumstances[] and all relevant factors,'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (last alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the record here does not compel a contrary credibility determination. Substantial evidence also supports the agency's finding that

2

Chobanyan did not establish eligibility for asylum, withholding of removal, or CAT protection through other evidence.

**PETITION DENIED.**