NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEVENDRA GURUNG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-478

Agency No.     A209-052-610

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 08, 2023[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON,[***] District
Judge.

Devendra Gurung, a native and citizen of Nepal, petitions for review of a

decision by the Board of Immigration Appeals (BIA) upholding the

Immigration Judge's (IJ) denial of his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where, as here, "the BIA issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). "We review legal questions *de novo* and factual findings . . . for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1.      Here, substantial evidence supports the agency's determination that Gurung failed to establish that the Nepalese government was or would be unwilling or unable to protect him from persecution by Maoist antagonists. According to Gurung's own testimony, the local police protected him from harm and escorted him to safety the one and only time he reported that he was in danger. Despite Gurung's arguments to the contrary, nothing in the documentary evidence compels the conclusion that the Nepalese government is unwilling or unable to protect him from persecution in the future. *See* 8 U.S.C. § 1252(b)(4)(B). Contrary to Gurung's assertions, there is no basis to conclude that the BIA did not sufficiently consider his arguments on appeal. Accordingly, the petition is denied with respect to Gurung's request for asylum and withholding of removal.

2. For the same reasons, substantial evidence also supports the agency's determination that Gurung failed to establish that he would "more likely than not" be tortured by or with the acquiescence of a government official if he were returned to Nepal. 8 C.F.R. § 1208.16(c)(2); *see also Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) ("[T]orture is defined as any act by which severe pain or suffering . . . is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." (quoting 8 C.F.R. § 1208.18(a)(1) (2000))). Accordingly, the petition is denied with respect to Gurung's request for CAT protection.

**PETITION DENIED**.