**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANKUSH KUMAR, | No. 22-1124 |
| Petitioner, | Agency No.    A216-274-177 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 09, 2023**
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON,*** District
Judge.

The Board of Immigration Appeals (BIA) dismissed Ankush Kumar's

appeal of an Immigration Judge's (IJ) denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

(CAT). Kumar, a native and citizen of India, now petitions for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "[t]he BIA conducted its own review of the evidence and law rather than simply adopting the [IJ]'s decision[,] . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review "factual findings, including adverse credibility determinations, for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. The agency's adverse credibility determination is supported by substantial evidence. Kumar testified before the IJ about several threatening incidents that he did not mention in his asylum application or supporting declaration. As noted by the agency, the omission of those events from his application and declaration was not merely an omission of minor details. Kumar's testimony about those events instead presented "new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (alteration in original) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). Those and other omissions thus support the adverse credibility

2

determination.  *See id.*  And Kumar does not challenge the agency's assessment that his testimony was vague even when he was urged by the IJ to provide further details.  Considering the totality of the circumstances, the record does not compel a contrary credibility determination.

2.  To the extent Kumar argues that he established eligibility for asylum or withholding of removal through other evidence in the absence of credible testimony, substantial evidence supports the agency's conclusion that he did not.  And in his appeal to the BIA, Kumar waived any argument that he established entitlement to CAT protection without his testimony being found credible.

**PETITION DENIED.**

3