**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO VASQUEZ-LOPEZ, | No. 22-430 |
| Petitioner, | |
| v. | Agency No. A077-211-783 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2023**
Phoenix, Arizona

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.

Roberto Vasquez-Lopez, a citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") upholding a decision of an

Immigration Judge ("IJ") denying his applications for withholding of removal and

protection under the Convention Against Torture and ordering him removed to

Mexico. We have jurisdiction under § 242 of the Immigration and Nationality Act,

8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

1.  Vasquez-Lopez testified at an initial merits hearing in 2015, as well as at a second merits hearing in 2018, which the BIA ordered after discovering that a portion of the 2015 hearing had not been recorded or transcribed.  In contending that he had suffered past persecution at the hands of a cartel in league with Mexican police, Vasquez-Lopez testified that two of his children had been kidnapped in 1999 and then subsequently released after he and his wife paid a substantial ransom.  He testified that, after he reported the crime to the police, he received additional threatening phone calls and extortion demands.  He further testified that, in 2012, after he was in the U.S., he received two further threatening extortionate phone calls.  Substantial evidence supports the BIA's conclusion that, even assuming that Vasquez-Lopez's testimony was credible, he failed to establish any nexus between his claimed persecution and a protected ground.

When asked at the 2015 hearing why he thought he was "selected for having [his] family kidnapped," Vasquez-Lopez responded that it was "[b]ecause we were living a . . . good life.  We had our house, we had our business, we had a truck."  Vasquez-Lopez further testified that his children had been kidnapped "[b]ecause

2

. . . they wanted me to pay them money." The attorney for the Department of Homeland Security asked Vasquez-Lopez if "the kidnappers thought you were rich so you'd be able to pay their ransom demands," to which Vasquez-Lopez responded: "Yes." Vasquez-Lopez further testified that threatening phone calls in 2012, while he was in the United States, also concerned money. Vasquez-Lopez's expert on conditions in Mexico also testified at the 2018 hearing that "ultimately," the "purpose" of the cartels "is to make money." Given this record, substantial evidence supports the agency's conclusion that "the feared persecutors targeted the applicant solely for monetary reasons unrelated to a protected characteristic" and that Vasquez-Lopez therefore failed to show a nexus to a protected ground, as required to prevail on his withholding claim. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. Substantial evidence likewise supports the BIA's determination that Vasquez-Lopez "has not proven that it is more likely than not the government or anyone else would intentionally inflict torture upon him in Mexico." *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147–48 (9th Cir. 2021). Vasquez-Lopez does not allege that he has been tortured in the past. *See Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019); *Nuru v. Gonzales*, 404 F.3d 1207, 1217–18 (9th Cir. 2005).

3

The only concrete harm alleged by Vasquez-Lopez—the kidnapping of his children in 1999—occurred more than fifteen years before his first hearing. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020). And the most recent alleged threatening phone calls to Vasquez-Lopez occurred in 2012. The record does not compel a conclusion that Vasquez-Lopez personally faces a likelihood of torture if he returns to Mexico. *See Garcia*, 988 F.3d at 1148.

3. We reject Vasquez-Lopez's contention that his former counsel's performance at the 2015 hearing violated his due process rights by preventing him from "reasonably presenting his . . . case" and by ultimately causing the IJ to find him not to be credible. In reviewing the decision after the 2018 hearing on remand, the BIA expressly assumed that Vasquez-Lopez was credible, and then proceeded to conclude that his claims nonetheless failed and that he had not shown prejudice from his former attorney's performance. We discern no error in that analysis. *See Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021).

Petition **DENIED**.