NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LOURDES CHOPEN-TUJ DE IZQUIER; CRISTIAN LEONEL-FRANCISCO TXQUIER-CHOPEN, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1427 <br><br> Agency Nos. <br> A203-577-911 <br> A203-577-912 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Lourdes Catarina Chopen-Tuj de Izquier ("Izquier") petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We review the agency's factual findings for substantial evidence, *Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009), and we deny the petition.

To be eligible for asylum, Izquier must establish a well-founded fear of persecution on account of a protected ground. 8 U.S.C. § 1101(a)(42)(a). Izquier claimed unknown individuals extorted her and threatened to kill her child if she did not pay and also asserted that her father-in-law had been kidnapped and murdered years earlier in 2013. She claims fear of harm based on the particular social groups of (1) "women in Guatemala" or (2) members of her family. However, even assuming these were cognizable social groups, there is no evidence she was targeted on these bases. Substantial evidence supports the agency's conclusion that the motivation for the threats was economic gain. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). A general fear of violence is not a cognizable ground for asylum or withholding. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Izquier thus failed to establish a nexus between any alleged harm and a protected ground. As there was no evidence of a protected motive, it was unnecessary for the agency to conduct a mixed-motives analysis. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

The BIA also alternatively agreed with the IJ's determination that the threats Izquier received did not rise to the level of past persecution, and that she did not

have an objectively reasonable fear of future persecution, and the record does not compel a contrary conclusion. As such, Izquier did not establish eligibility for asylum or the higher burden of proof for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Substantial evidence also supports the agency's conclusion that Izquier did not qualify for protection under CAT. She has not demonstrated that it is more likely than not she would be subject to torture if returned to Guatemala, or that the government would consent or acquiesce in such torture. *Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019).

**PETITION DENIED.**