NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR HAROLDO TEJEDA-WONG, | No. 14-74012 |
| Petitioner, | Agency No. A070-125-754 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Oscar Haroldo Tejeda-Wong, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of deportation under former 8 U.S.C. § 1253(h)(1), and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We review for abuse of discretion the agency's determination that a crime was particularly serious. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). "Although we 'cannot reweigh evidence to determine if the crime was indeed particularly serious, [we] can determine whether the BIA applied the correct legal standard.'" *Blandino-Medina v. Holder*, 712 F.3d 1338, 1342–43 (9th Cir. 2013) (alteration in original) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006)). We deny the petition for review.

With respect to the agency's determination that Tejeda-Wong committed a particularly serious crime, the BIA applied the correct standard and engaged in a "case-specific factual analysis" of Tejeda-Wong's crime. *Flores-Vega v. Barr*, 932 F.3d 878, 884–85 (9th Cir. 2019). Among other things, the BIA noted that the

---

[1] Tejeda-Wong did not challenge the IJ's denial of his application for suspension of deportation under NACARA in either the BIA or this court.

crime was inherently violent and was committed against a uniformed police officer; that Tejeda-Wong was driving a vehicle reported as stolen and attempted to flee, escalating the situation and leading to gunfire; that he committed the offense while on probation for a prior burglary; and that he received a significant sentence. Tejeda-Wong's conviction for a particularly serious crime makes him ineligible for asylum and withholding of deportation.

The particularly serious crime also makes Tejeda-Wong ineligible for withholding of removal under CAT, but not ineligible for deferral of removal. 8 C.F.R. §§ 1208.16(d)(2), 1208.17(a). Substantial evidence supports the agency's denial of CAT protection because Tejeda-Wong failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019) (per curiam) (stating standard).

**PETITION FOR REVIEW DENIED.**