**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO GONZALEZ-HERNANDEZ, | No. 20-71701 |
| Petitioner, | Agency No. A205-718-978 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021[**]
Pasadena, California

Before: WARDLAW, PARKER,[***] and HURWITZ, Circuit Judges.

Sergio Gonzalez Hernandez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals' (BIA) order dismissing his appeal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

the denial by an Immigration Judge (IJ) of his applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT).

We have jurisdiction to review Gonzalez's petition under 8 U.S.C. § 1252. Where, as here, the BIA issues its own decision, but relies in part on the IJ's decision, we review the BIA's decision and the IJ's decision to the extent adopted. *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citing *Alaelua v. INS*, 45 F.3d 1379, 1382-83 (9th Cir. 1995)).

We review only the reasons the BIA gave in support of its decision, and we review those reasons for "substantial evidence." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). Under that standard, we must find the BIA's reasons sufficient unless, after reviewing the record as a whole, "any reasonable adjudicator" would have been "compelled" to reach a different conclusion. 8 U.S.C. § 1252(b)(4)(B); *Garland v. Dai*, 141 S. Ct. 1669, 1679 (2021).

1. The BIA concluded that Gonzalez's asylum application was untimely as he did not file it within a year of his arrival in the United States in 2000, and instead waited fifteen years. Because Gonzalez failed to raise this finding in his petition for review of the BIA decision, he has forfeited any challenge to the untimeliness finding.

2. The BIA correctly determined that the IJ applied the appropriate legal

standard in determining whether Gonzalez qualified for withholding of removal. To qualify for withholding of removal, an applicant must show a "clear probability" of future persecution. *INS v. Stevic*, 467 U.S. 407, 430 (1984); *see also Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Although the IJ initially referenced a "definite" risk standard, he ultimately applied the correct standard, reciting it verbatim while evaluating the evidence and concluding that "there is no clear probability of persecution in this case."

3.     Substantial evidence supports the BIA's conclusion that Gonzalez did not qualify for withholding of removal because although he received threats in the past, he failed to demonstrate that those threats rose to the necessary level of persecution. Rather, the threats he received were made infrequently, anonymously and over the phone. *Compare Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that threats alone "constitute persecution in only a small category of cases," typically where the threats are "repeated, specific and combined with confrontation or other mistreatment") *with Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) (holding that threats alone ordinarily constitute persecution only when accompanied by acts like "violent confrontations, near-confrontations and vandalism"). Nor would a reasonable adjudicator have been compelled to find Gonzalez was likely to be persecuted in the future. Although Gonzalez claimed to fear persecution by a group within the police called the

"Brotherhood," he offered only speculation that the group still existed and would have been likely to persecute him if he were removed to Mexico. The internal investigation that instigated the threats in the first place concluded in 1999 and was unlikely to be on anyone's mind in light of other significant events that had occurred in Mexico since then, such as an intervening drug war and numerous police corruption scandals. Further, the Brotherhood largely stopped threatening Gonzalez after he quit the police force and neither he nor his family in Mexico had heard from the Brotherhood in nearly twenty years.

4. Substantial evidence also supports the BIA's conclusion that Gonzalez did not meet his burden to qualify for protection under CAT. To qualify for protection under CAT, an applicant must establish that is it "more likely than not" that he would be tortured if removed to his country of origin. 8 C.F.R. § 208.16(c)(2); *see also Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). A reasonable adjudicator would not have been compelled to find that Gonzalez was more likely than not to be tortured if returned to Mexico. Gonzalez was never tortured in the past, and while he did submit several documents describing high levels of violence in Mexico in general, he submitted no evidence that people like him (former police officers who had testified in internal investigations hearings against members of the Brotherhood) were being targeted. Nor did he submit any

4

evidence that he would be individually targeted for torture.[1]

**PETITION FOR REVIEW DENIED**.

---

[1] Gonzalez's motion for stay of removal pending our review of his case is denied as moot.