NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RENE ARMANDO CAMPOS-TIZNADO<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-72742<br><br>Agency No.<br>208-278-617<br><br>MEMORANDUM* |

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted November 16, 2021**
Pasadena, California

Before: WARDLAW, PARKER,*** and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

Petitioner Rene Armando Campos-Tiznado ("Campos-Tiznado"), a native and citizen of El Salvador, seeks review of an August 17, 2020 Board of Immigration Appeals ("BIA") order dismissing an appeal of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review only the reasons the BIA gave in support of its decision, and we review those reasons for "substantial evidence." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). Where, as here, the BIA expressly adopts the IJ's decision in its entirety and cites *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994), the BIA formally adopts the IJ's decision in its entirety. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011); *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005). So, "we review the IJ's order as if it were the BIA's." *Kwong*, 671 F.3d at 876.

Campos-Tiznado sought relief based on an alleged series of three attacks in 2015 by members of the FMLN political group while he was working for the ARENA political group. He claimed that the last attack led to his hospitalization, and that his assailants killed his sister's brother-in-law after Campos-Tiznado left for the United States.

2

Substantial evidence supports the BIA's conclusion that Campos-Tiznado is not eligible for asylum or withholding of removal. The BIA affirmed the IJ's initial denial of Campos-Tiznado's application based on an adverse credibility finding due to material inconsistencies in his testimony as well as his demeanor. Campos-Tiznado has not identified any evidence that compels a contrary conclusion.

Inconsistencies between an applicant's statements and other evidence in the record are among the factors relevant to "the totality of the circumstances" analysis of the applicant's credibility. *Iman v. Barr*, 972 F.3d 1058, 1064–65 (9th Cir. 2020) (some citations omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In this case, the IJ found three material discrepancies in Campos-Tiznado's testimony regarding: i) the number of assailants; ii) the duration of his hospital stay following the final attack; and iii) the failure of his employer, the mayor, to mention the attacks in a letter of support. The IJ questioned Campos-Tiznado about these inconsistencies and found his explanations implausible. Campos-Tiznado now attributes the discrepancies and the differences in his demeanor that the IJ found indicative of falsity to "nerves" and being "pressured by the IJ to pick a number." He fails to explain how the remainder of his testimony outweighs these material inconsistencies. "IJs are in the best position to assess demeanor and other credibility cues that" are difficult to access on review, *Shrestha v. Holder*, 590 F.3d

3

1034, 1041 (9th Cir. 2010), and because Campos-Tiznado has failed to adequately explain the inconsistencies in his testimony, substantial evidence supports the BIA's adverse credibility determination.

Campos-Tiznado also fails to corroborate the alleged persecution. In support of his application, Campos-Tiznado submitted a written statement, letters from his family members, a letter from the mayor of his town, a letter from a hospital providing the dates of his stay, the death notice of his sister's brother-in-law, and various articles and reports from governmental organizations about the political unrest and violence in El Salvador. None mentions the attacks in question.

Substantial evidence supports the BIA's alternative conclusion that Campos-Tiznado's asylum and withholding claims fail on the merits because he failed to establish that the government was either unable or unwilling to control the alleged perpetrators.

Substantial evidence also supports the BIA's denial of Campos-Tiznado's application for protection under CAT and the conclusion that he failed to show that he would be more likely than not suffer torture if removed to El Salvador. Campos-Tiznado has not shown, in light of the adverse credibility determination, a particularized threat of torture with the consent and acquiescence of the Salvadorean government. He instead bases his claim on documents he submitted

4

showing general crime, violence, and political unrest in El Salvador — none of which are sufficient to compel a contrary conclusion. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that generalized evidence of violence and crime is insufficient to meet the CAT standard where it was not particular to petitioners).

We have considered Campos-Tiznado's other arguments and conclude they are without merit.[1]

**PETITION FOR REVIEW DENIED**

---

[1] Campos-Tiznado's motion for stay of removal pending our review of his case is denied as moot.