**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYRNA IRENE LOPEZ-CASTANO, AKA Myra Castano, | No. 19-71809 |
| Petitioner, | Agency No. A209-138-837 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2021
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and KORMAN,[**] District Judge.

Myrna Irene Lopez-Castano ("Petitioner") petitions for review of the Board

of Immigration Appeals's ("BIA") denial of her appeal from an Immigration

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Petitioner previously lived with her husband and three children in their hometown in Mexico. According to Petitioner's testimony, every year in their town, the local cartel would target local teenage girls to "give" to their boss. Petitioner's daughter was one of the girls targeted by the cartel, and the cartel threatened to kill the entire family. Petitioner fled with her family to the United States.

The IJ denied Petitioner's applications for relief, and the BIA dismissed Petitioner's appeal. The BIA assumed Petitioner was credible but found that her proposed particular social group ("PSG"), "mothers of teenage daughters," was neither sufficiently particular nor socially distinct. On Petitioner's CAT application, the BIA found Petitioner had not identified sufficient evidence of likelihood of torture.

We have jurisdiction to review the petition under 8 U.S.C. § 1252(a)(1). We deny the petition for review.

1. Applicants for asylum and withholding of removal who rely on membership in a PSG as a protected ground must establish that the proposed group is "(1) composed of members who share a common immutable characteristic, (2)

2

defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). A proposed social group is not cognizable where "society-specific evidence of social distinction" is absent. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). Substantial evidence supports the BIA's determination that Petitioner's broad proposed PSG of all mothers of teenage daughters is insufficiently socially distinct to constitute a cognizable PSG.

2. To establish entitlement to protection under CAT, an applicant must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Petitioner did not provide sufficient evidence to compel the conclusion that, if she returns to Mexico years after the cartel targeted her family, she will more likely than not be subject to torture. *See Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019) ("[O]ur task is to determine whether there is substantial evidence to support the BIA's finding, not to substitute an analysis of which side in the factual dispute we find more persuasive." (quotation marks and citations omitted)).

**PETITION DENIED.**