**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FANG DONG,<br><br>      Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No. 17-72585<br><br>Agency No. A209-390-911<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022[**]
Portland, Oregon

Before:  SCHROEDER and SUNG, Circuit Judges, and ANTOON,[***] District Judge.

Fang Dong petitions for review of the Board of Immigration Appeals' (BIA)

order dismissing her appeal of the Immigration Judge's (IJ) denial of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Dong, a native and citizen of China, challenges the adverse credibility determination made by the IJ and upheld by the BIA. She filed her application after 2005, and therefore the REAL ID Act applies. *See* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302 (May 11, 2005).

Where the BIA "conduct[s] its own review of the evidence and law rather than simply adopting the [IJ]'s decision, . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review "factual findings, including adverse credibility determinations, for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. In finding no clear error in the IJ's adverse credibility determination, the BIA cited with approval several inconsistencies noted by the IJ: discrepancies between what Dong told the asylum officer and what she testified before the IJ regarding the manner in which Chinese authorities notified her that she was required to pay a fine; Dong's changed explanation regarding to whom her

husband spoke in order to get her released from police custody; and Dong's contradictory hearing testimony about whether Chinese authorities are aware that she left China and is now in the United States. The record does not "compel" a contrary credibility determination, *see* 8 U.S.C. § 1252(b)(4)(B), and therefore substantial evidence supports the agency's adverse credibility determination. We accordingly deny the petition for review on Dong's claims for asylum and withholding of removal.[1]

2. "An adverse credibility determination does not, by itself, necessarily defeat a CAT claim . . . ." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Here, however, Dong waived review of her CAT claim in this Court by not presenting any argument in her brief regarding that claim. *See, e.g.*, *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) ("Because Cui does not address withholding or CAT relief in his brief, he waived any objections to the denial of these requests."); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived."). And even if Dong had not

---

[1] The record includes documentary evidence related to Dong's claims, but Dong does not argue either that the agency erred by not considering it, *see Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), or that it establishes eligibility for asylum despite the adverse credibility determination, *see Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000). Consequently, Dong has waived those arguments.

waived the CAT claim, the record evidence does not "compel[] the conclusion" that Dong would more likely than not be tortured if she returned to China. *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**