**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KABIR HOSSAIN SHAMIM,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   17-71181

Agency No. A206-914-116

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022[**]
Portland, Oregon

Before: SCHROEDER and SANCHEZ, Circuit Judges, and ANTOON,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Kabir Shamim, a native and citizen of Bangladesh, petitions for review of a decision by the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In his application for relief, Mr. Shamim claimed a fear of persecution and torture at the hands of the Awami League—the governing political party in Bangladesh—based on his membership in the rival Bangladeshi Nationalist Party (BNP). Following multiple days of testimony, the IJ determined that Mr. Shamim lacked credibility based on various inconsistencies and implausibilities in his story and concluded that the record evidence did not otherwise establish a basis for relief. The BIA found no clear error in the IJ's determinations and dismissed Mr. Shamim's appeal in full.

"In reviewing this petition, 'we consider only the grounds relied upon' by the BIA." *Singh v. Holder*, 649 F.3d 1161, 1164 n.6 (9th Cir. 2011) (en banc) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004)). "We review legal questions *de novo* and factual findings, including adverse credibility determinations, for substantial evidence." *Mairena v. Barr,* 917 F.3d 1119, 1123

(9th Cir. 2019). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The agency's adverse credibility determination is supported by substantial evidence. The BIA pointed to multiple inconsistencies in Mr. Shamim's testimony, including where on his body he was stabbed during an altercation with Awami League members and whether he had heard about violent acts perpetrated by the BNP. The BIA found it implausible that Mr. Shamim would forget to testify about the police coming to his parents' home to arrest him, as he had previously stated that this incident pushed him to seek asylum in the United States. Further, the BIA credited the IJ's finding that Mr. Shamim struggled to answer basic questions about the BNP and its activities.

These bases represent "specific and cogent reasons" for an adverse credibility determination, *see Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010), and we cannot say that "any reasonable adjudicator would be compelled to conclude to the contrary," *Mairena*, 917 F.3d at 1123 (quoting 8 U.S.C. § 1252(b)(4)(B)). Substantial evidence therefore supports the agency's adverse

3

credibility determination, and the agency did not err in denying Mr. Shamim's application for asylum and withholding of removal on that basis.

Substantial evidence also supports the agency's denial of CAT relief. The record supports the BIA's finding that Mr. Shamim failed to show he would more likely than not be tortured "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if he returned to Bangladesh. 8 C.F.R. § 1208.18(a)(1).

"An adverse credibility determination does not, by itself, necessarily defeat a CAT claim." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). "But when the petitioner's 'testimony [is] found not credible, to reverse the BIA's decision [denying CAT protection,] we would have to find that the [country] reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured.'" *Shrestha*, 590 F.3d at 1048–49 (all but third alteration in original) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)).

In light of the agency's adverse credibility determination, the additional evidence submitted, including the country reports, does not compel the conclusion that Mr. Shamim is more likely than not to be tortured. While the record reflects

ongoing political violence in Bangladesh, there is no evidence that Mr. Shamim will be specifically targeted for torture in the future.

The petition is **DENIED**.