**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MAURICIO FRANCO CHEVEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-71546 <br><br> Agency No. A206-675-551 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2022[**]
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

Jose Mauricio Franco Chevez, a native and citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals (BIA), dismissing

his appeal of a decision of the Immigration Judge (IJ), who denied his application

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Franco Chevez contends that he has suffered persecution and fears future persecution based on his membership in the particular social groups of grandchildren of Tereza Beltran and family members of those who reported crimes to the police. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

**1.** The IJ's finding that Franco Chevez failed to establish that the harm he suffered was based on his membership in a particular social group is supported by substantial evidence.[1] *See Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021) ("Because the BIA cited *Matter of Burbano*[, 20 I. & N. Dec. 872, 874 (BIA 1994),] and also provided its own analysis in this case, we review both the BIA and IJ's decisions."); *see also id.* ("We review the agency's legal conclusions de novo and review its factual findings for substantial evidence."). Because Franco Chevez suffered harm before his grandmother came to the gang's attention and before she reported the crimes to the police, the harm he suffered was not on account of his membership in either proposed social group. As the IJ found, Franco Chevez suffered harm because he refused the gang's efforts to recruit him,

---

[1] The IJ assumed, without deciding, that the two proposed social groups would be cognizable for asylum purposes.

2

which is not a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (rejecting petitioner's argument that young males in Guatemala who are targeted for gang recruitment but refuse to join are a particular social group); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (holding that "young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group"), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that the proposed social group, "young men in El Salvador resisting gang violence, is too loosely defined to meet the requirement for particularity" and "is insufficiently socially visible"), *abrogated in part by Henriquez-Rivas*, 707 F.3d 1081.

2.      The IJ's finding that the gang targeted Franco Chevez's grandmother to extort money, rather than because she made a police report, also is supported by substantial evidence. Neither Franco Chevez's mother's testimony nor his grandmother's declaration indicated that the extortion was based on Beltran's police report. Extortion based on the gang's desire for money is not a protected ground. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021) (stating that, typically, fear of "general crime and violence in El Salvador . . . alone is not a basis on which relief will be granted"); *Zetino v. Holder*, 622 F.3d 1007,

1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Although Franco Chevez argues that it can be inferred that the gang targeted Beltran in retaliation for her police report, the evidence does not compel that conclusion. *See Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) ("Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019))). Instead, the evidence showed that the gang threatened to harm him if Beltran stopped paying extortion money.

**3.** The agency's finding that Franco Chevez failed to establish that the government would be unable or unwilling to protect him is supported by substantial evidence because Franco Chevez and his grandmother stated that police arrested two of the gang members who beat him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that applicant failed to establish that harm was committed by forces the government was unable or unwilling to control where the police took reports and investigated, even though they were unable to solve the crimes).

**4.**     The IJ's finding that Franco Chevez could not establish a well-founded fear of future persecution because his family members continued to live in El Salvador without harm is supported by substantial evidence. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("We have also held that 'a petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed" (quoting *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001))); *Santos-Lemus*, 542 F.3d at 743 ("We have considered the continuing safety of family members to be an important factor in determining whether a petitioner has a well-founded fear of future persecution.").

**5.**     Because Franco Chevez has failed to establish a well-founded fear of future persecution—and he is therefore not eligible for asylum—his claim for withholding of removal also fails. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal.").

**6.**     The IJ's finding that Franco Chevez failed to establish that he was tortured in the past or will be targeted for torture at the hands of or with the

acquiescence of a government official is supported by substantial evidence. *See*

*Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (explaining that to obtain

CAT relief, a petitioner must establish that it is more likely than not that he or she,

in particular, would be subject to harm amounting to torture by or with the

acquiescence of a public official if removed).

The petition for review is **DENIED.**