NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGALY BERTHA JARQUIN RAMIREZ, AKA Bertha Magaly Jarquin, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-71965 <br><br> Agency No. A206-909-781 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2022[**]
Pasadena, California

Before: SILER,[***] CALLAHAN, and H. THOMAS, Circuit Judges.

Petitioner Magaly Bertha Jarquin Ramirez seeks review of the Board of

Immigration Appeals' denial of withholding of removal and deferral of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under the Convention Against Torture. We deny her petition.

**1.**     Jarquin Ramirez unlawfully came to the United States from Mexico as a 7-year-old in December 1993 and has not returned to Mexico since. In December 2005, Jarquin Ramirez was arrested for possession of meth with intent to sell. Jarquin Ramirez eventually pleaded guilty but maintains her innocence, asserting that she did not fully understand the consequences of pleading guilty.

In the aftermath of her drug conviction, immigration officials initiated removal proceedings. Jarquin Ramirez conceded the allegations against her and sought withholding of removal and deferral of removal under the Convention Against Torture. She expressed fear of returning to Mexico because (1) she had heard from another family member that her father, a Mexican congressman, was assaulted in 2009 by unknown attackers for undisclosed reasons and (2) she is worried that her father, who she claims was physically abusive towards Jarquin Ramirez's mother and who Jarquin Ramirez has not had contact with since 2003, might find her.

The IJ denied Jarquin Ramirez's applications for withholding of removal and CAT protection. The IJ held that Jarquin Ramirez failed to overcome the presumption that her conviction—which she concedes is an aggravated felony—is for a "particularly serious crime," rendering her ineligible for withholding of removal. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947–49 (9th Cir. 2007).

The IJ also questioned the validity of her fears of returning to Mexico. The IJ found that Jarquin Ramirez was not entitled to CAT relief because she did not establish that she would more likely than not be tortured by or with the acquiescence of the Mexican government if she returned. The BIA affirmed the IJ's decision. Jarquin Ramirez petitioned for review.

2.      We review the BIA's decision that a conviction constitutes a particularly serious crime for abuse of discretion. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review the factual finding that an applicant has not established eligibility for withholding of removal or CAT protection for substantial evidence. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009).

3.      A conviction for a "particularly serious crime" prevents eligibility for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *see also* 8 C.F.R. § 1208.16(d)(2)(i). The Attorney General has expressly determined that drug trafficking crimes are presumptively particularly serious crimes. *Matter of Y-L-*, 23 I. & N. Dec. 270, 274 (A.G. 2002).

Here, the agency's determination that Jarquin Ramirez had failed to show that her drug trafficking offense was not a particularly serious crime was not "arbitrary, irrational, or contrary to law," and was thus not an abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 382, 384–85 (9th Cir. 2012). It is undisputed that Jarquin Ramirez pleaded guilty and was thus convicted of the felony offense of

3

possessing a controlled substance for sale. While Jarquin Ramirez now contests her guilt, this is not the forum to reevaluate Jarquin Ramirez's guilt or innocence. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."). The agency did not abuse its discretion in holding that Jarquin Ramirez was ineligible for withholding of removal.

4.      To qualify for CAT protection, an undocumented noncitizen must show, among other things, that "it is more likely than not that he or she would be tortured" in the country of removal. 8 C.F.R. §1208.16(c)(2). "The applicant bears the burden of proving that [she] is eligible for deferral of removal under CAT." *Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019) (citing 8 C.F.R. § 1208.17(d)(3)).

Here, the record does not compel the conclusion that Jarquin Ramirez is likely to experience harm rising to the level of torture upon her return to Mexico. Her CAT claim is based on fear of her father's political enemies, whom she did not (and seemingly, cannot) identify. She pointed to a single incident where she heard that her father had been beaten up and detained. But Jarquin Ramirez admitted that this information was relayed to her second-hand by her aunt, she does not know who the alleged attackers were, and she does not know what their motive was. This alleged assault occurred in 2009, and Jarquin Ramirez admits that, to her

4

knowledge, neither her father nor anyone related to him has been harmed since. Her speculation that some unidentified people in Mexico might be looking for her does not compel a finding that she is likely to be tortured. While Jarquin Ramirez complains of the corruption and ineffectiveness of Mexican law enforcement, there is nothing in the record suggesting that any public official in Mexico is interested in torturing her or acquiescing in her torture. Jarquin Ramirez has not shown that the agency erred in denying CAT protection.

The petition is DENIED.