**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEVE GEORGE MATAGUE, AKA Steven George Montague, | No.    18-72761 |
| Petitioner, | Agency No. A216-143-469 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Steven Matague, a native and citizen of Jamaica, petitions pro se for review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal from a

decision of the Immigration Judge (IJ) denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

1.     The BIA properly denied Petitioner's asylum application as untimely because it was not filed within one year of his arrival to the United States, and he did not demonstrate that he qualified for any exceptions. *See* 8 U.S.C. § 1158(a)(2)(B) and (D). Petitioner has forfeited any challenge to this finding by failing to contest it in his opening brief. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

2.     Where, as here, the BIA relies in part on the IJ's oral decision, we look to the reasons explicitly identified by the BIA as well as the relevant portions of the IJ

---

[1] Petitioner argues that he was issued an invalid Notice to Appear in removal proceedings because it did not contain the time and place of the initial hearing before the IJ. However, the record establishes that the notice provided the time, date, and location of the hearing, and Petitioner received two additional hearing notices, which again included the time, date, and location of the hearing. Therefore, the immigration court had jurisdiction over Petitioner's case. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc). Petitioner also suggests that he was eligible for cancellation of removal, but even assuming he has established the other statutory requirements, Petitioner has not alleged that his removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child, who is a citizen or lawful permanent resident, 8 U.S.C. § 1229b(b)(1)(D). Accordingly, remand is unwarranted on this basis. Finally, Petitioner argues that he was not removable based on committing an aggravated felony because he was only arrested for, and never charged with, committing such a felony. Petitioner was not charged as removable on that basis, so it is irrelevant to his petition.

decision that support those reasons. *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 438 (9th Cir. 2021). To be eligible for withholding of removal, Petitioner must demonstrate a "clear probability" of future persecution on account of statutorily protected grounds. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). A petitioner may generate a presumption of eligibility for withholding of removal by demonstrating past persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021).

Substantial evidence supports the agency's conclusion that Petitioner did not suffer past persecution. *See id.* at 1079. Petitioner asserts that he was moved between homes and changed schools because of "the threat of reprisal against him" due to his father's political activities. However, years after these alleged threats, Petitioner visited his father in the United States for six months, and then willingly returned to Jamaica, where he lived and worked unharmed for three years. Petitioner was never physically harmed in Jamaica, and the agency did not err in finding that the non-specific, unfulfilled threats he received do not rise to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (finding threats alone can suffice to show persecution only when they are "so menacing as to cause actual suffering").

Substantial evidence also supports the agency's conclusion that Petitioner

3

failed to demonstrate a likelihood of future persecution on account of his relationship to his father or his imputed political opinion. Petitioner claimed to fear persecution because of his father's political status, but Petitioner returned to Jamaica and lived and worked unharmed there for approximately three years, and Petitioner offers no evidence that anyone is still seeking to harm him because of his father's political activities from over twenty years ago. Additionally, Petitioner's father has lived in the United States since 2000, there is no indication that his father is still politically active, and Petitioner is no longer in direct contact with him. In short, Petitioner did not demonstrate that he will be harmed in Jamaica on account of an association with his father, imputed political views, or any other protected ground. *Cf. Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005) (holding that return trips can be relevant factor indicating mitigated fear of future persecution for purposes of asylum).

3. Substantial evidence supports the BIA's denial of CAT relief because Petitioner's claimed fear of torture is too speculative. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (holding that claims of future torture cannot be based on "pure speculation"). An applicant for CAT relief must demonstrate that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioner makes vague and unsupported claims

4

that he experienced "physical and mental harm" at the hands of the government ("represented by his bosses and its agency") and by "thugs" who threatened him. Petitioner points to no evidence of a continuing, particularized threat of torture by or with the consent of the Jamaican government. *See, e.g.*, *Duran-Rodriguez*, 918 F.3d at 1029–30 (upholding CAT denial when there was no indication anyone targeted or otherwise sought out petitioner in the years since he left his home); *Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019) (per curiam) (upholding CAT denial when petitioner was never tortured and alleged harms to family occurred decades ago).

**PETITION DENIED.**