**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO PABLO PEREZ, | No. 22-528 |
| Petitioner, | Agency No.    A209-812-576 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 08, 2023[**]
San Francisco, California

Before: FRIEDLAND, NELSON, Circuit Judges, and CARDONE,[***] District Judge.

Petitioner Alfredo Pablo Perez seeks review of an order of the Board of Immigration Appeals (BIA) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

jurisdiction under 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.

1.    The BIA affirmed the immigration judge's (IJ) denial of Pablo Perez's application for asylum based on the IJ's adverse credibility finding resulting from Pablo Perez's inconsistent statements.  When the BIA agrees with the conclusions of the IJ, we review both decisions.  *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

The IJ may base an adverse credibility determination on a variety of factors, including but not limited to consistency between written and oral statements (whenever made and whether or not under oath), internal consistency of those statements, and the consistency of those statements with other record evidence.  8 U.S.C. § 1158(b)(1)(B)(iii).  In reviewing an adverse credibility finding, "we must look to the 'totality of the circumstances[ ] and all relevant factors.'"  *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  Taking the totality of the circumstances into account, we review the agency's credibility determination for substantial evidence.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  Under this standard, an agency's findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

The BIA did not err in affirming the IJ's adverse credibility determination

based on Pablo Perez's omission of any reference to his political views when asked during his credible fear interview about what motivated the harm he suffered. Pablo Perez was asked three times during his credible fear interview why he was harmed and each time he said he had no idea why the gang targeted him. He also said during the interview that he had never been targeted for his political opinions.[1] Later, however, he wrote in his asylum application and in a declaration, and testified before the IJ, that the gang targeted him because of his involvement in a political campaign for a new mayor who opposed gangs. The IJ did not err in finding these inconsistencies material because of their relevance to showing the required nexus for Pablo Perez's asylum and withholding of removal claims.[2] *See Shrestha*, 590 F.3d at 1046–47 (9th Cir. 2010) (stating that when inconsistencies go "to the heart of" an asylum claim, they are "of great weight" in evaluating credibility).

Pablo Perez counters that reliance on inconsistencies between a credible fear interview and other testimony is impermissible. We have never so held. In *Singh v. Gonzales*, 403 F.3d 1081, 1087 (9th Cir. 2005), we did note that "[c]ertain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility

---

[1] Pablo Perez does not argue that he claimed political persecution during his credible fear interview and that this was not transcribed.

[2] Pablo Perez also asserted fear of persecution on account of membership in a particular social group before the IJ, but he has not raised that argument on appeal.

determination." But *Singh* did not set forth a categorical prohibition. The INA allows the IJ to consider "the consistency between the applicant's . . . written and oral statements (*whenever made and whether or not under oath . . . .*" 8 U.S.C. § 1158(b)(1)(B)(iii) (emphasis added); *see also Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) ("[T]he IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a bearing on a petitioner's veracity." (internal quotations and citation omitted)).

Further, these were not the only inconsistencies found. The IJ and BIA also pointed to inconsistencies between Pablo Perez's testimony stating that he had never been harmed or had any problems with the gangs prior to his political involvement, and his written declaration stating that he did have trouble with a gang before his political involvement. Taken together, these inconsistencies constitute substantial evidence.

Pablo Perez also contends that the IJ failed to consider corroborative evidence in support of his claim. But the IJ and BIA did consider this evidence and concluded it did not resolve the specific concerns about the gang's motive in targeting him. Given the record inconsistencies identified, the IJ and BIA's determination that other evidence did not rehabilitate Pablo Perez's testimony is supported by substantial evidence. *See Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019) (per curiam) ("[O]ur task is to determine whether there is substantial evidence to support the BIA's findings, not to substitute an analysis

of which side in the factual dispute we find more persuasive." (internal quotations and citation omitted)).

The IJ afforded Pablo Perez an opportunity to explain these inconsistencies before making the adverse credibility finding. The IJ considered Pablo Perez's explanation and found it unreasonable. *See Zhi v. Holder*, 751 F.3d 1088, 1092–93 (9th Cir. 2014) (requiring an IJ to consider and address plausible and reasonable explanations for any inconsistencies). The IJ determined that the record did not indicate that Pablo Perez was scared or nervous during his credible fear interview, that he spoke Spanish despite stating that he had a hard time understanding the interpreter, and that the record reflected no difficulty comprehending or responding during his interview. The IJ also reiterated that Pablo Perez was given multiple opportunities to explain why he believed the gang targeted him.

Considering the totality of the circumstances and all relevant factors, the IJ and BIA's adverse credibility determination is supported by substantial evidence and the record does not compel an alternate conclusion. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

2. Because Pablo Perez's claims for asylum and withholding of removal both depend on his testimony, the IJ and BIA's adverse credibility determination causes both claims to fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Pablo Perez's CAT claim was also supported, in substantial part, by

his own testimony.  Even so, an adverse credibility determination does not excuse the IJ and BIA from their obligation to consider "all evidence relevant to the possibility of future torture."  *Id.* at 1156–57.  But Petitioner "points to no other evidence that he could claim the BIA should have considered in making its [CAT] determination." *See id.* at 1157.  Indeed, Petitioner raises no arguments on appeal other than his challenge to the IJ and BIA's adverse credibility determination.  In the absence of credible testimony, substantial evidence also supports the denial of Petitioner's CAT claim. *See Mukulumbutu*, 977 F.3d at 927–28.

**PETITION DENIED.**