NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATEO GASPAR-DOMINGO, | No. 22-3 |
| Petitioner, | Agency No. A209-761-756 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024[**]
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and LASNIK, District
Judge.[***]

Mateo Gaspar-Domingo, a native and citizen of Guatemala, seeks review of

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ denied all relief after making an adverse credibility finding against Gaspar-Domingo, which the BIA affirmed. Gaspar-Domingo also seeks remand for termination of proceedings or reconsideration of voluntary departure due to a defective Notice to Appear ("NTA"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (citing *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). "In conducting our review, we examine the reasons explicitly identified by the BIA and the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (internal quotations and citations omitted). We review credibility determinations for substantial evidence, affirming the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).

1.      Gaspar-Domingo testified that he was threatened by four masked men due to his participation in an indigenous Christian singing group. He also testified that he repeatedly tried to contact these men prior to fleeing the country. The IJ found this to undercut the credibility of Gaspar-Domingo's fear of persecution because he could not provide an explanation for attempting to initiate contact with criminals

who threatened to kill him. Gaspar-Domingo also testified that he returned to Guatemala in 2016, despite his wife having apparently received threatening phone calls in 2015, which the IJ further found undercut his credibility. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (holding that a voluntary return to the persecuting country weighs against a finding of reasonable fear of persecution). Finally, the IJ pointed to inconsistencies and disparities between Gaspar-Domingo's application for asylum and testimony on the stand, which also undermined his credibility as a witness.

"There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Because there is substantial evidence based on the totality of the circumstances to support the agency's adverse credibility finding, we will not disturb it. *See Kuar v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005); *Alam*, 11 F.4th at 1137.

**2.** This court also reviews the denial of CAT relief for substantial evidence. *See Rodriguez-Hernandez v. Garland*, 89 F.4th 742, 746 (9th Cir. 2023); *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023). A person ineligible for asylum or withholding of removal may still be eligible for CAT protection if they can "establish that it is more likely than not that he or she would be tortured if

removed to the proposed country of removal." 8 C.F.R. 1208.16(c)(2); *Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019).

Here, the BIA determined that there was insufficient evidence that Gaspar-Domingo would face a clear probability of torture at the hands of or acquiescence of public officials such that he is entitled to CAT protection. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705–06 (9th Cir. 2010) (holding that "awareness and willful blindness [of torture] will suffice."). Due to Gaspar-Domingo's incredible testimony, his assertion of eligibility for CAT protection is dependent on reports of the country conditions. Although the reports indicate that Guatemala suffers from human rights problems such as abuse by police members and harsh prison conditions, there is substantial evidence to support the BIA's determination that there is no clear probability that Gaspar-Domingo will "be detained or held in the custody of a government official if he now were returned to Guatemala." Therefore, CAT relief was properly denied.

3. Finally, Gaspar-Domingo seeks remand for termination of proceedings or reconsideration of voluntary departure due to a defective NTA. However, because this issue was not raised before the BIA or IJ, as required by 8 U.S.C. § 1252(d)(1), we decline to consider the issue here. *Santos-Zacaria v. Garland,* 598 U.S. 411, 417 (2023) (holding that § 1252(d)(1) is a claim-processing rule that requires exhaustion); *Umana-Escobar v. Garland,* 69 F.4th 544, 550 (9th Cir. 2023).

4

**PETITION DENIED.**