NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. NATIVIDAD E. FLORES-JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-1306<br><br>Agency No.<br>A047-331-440<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2026
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

J. Natividad E. Flores-Jimenez petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of an immigration judge's (IJ) order denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The agency did not abuse its discretion or otherwise commit legal error in concluding that Flores-Jimenez's second-degree robbery conviction constituted a particularly serious crime, rendering him ineligible for withholding of removal. "We review both the IJ and the BIA decisions when the BIA adopts and affirms the IJ's decision and provides its own analysis." *Chmukh v. Garland*, 124 F.4th 670, 674 (9th Cir. 2024) (simplified). Because the IJ found that Flores-Jimenez's conviction was an aggravated felony, the criminal-alien jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies. *Id.* But "[w]e retain jurisdiction . . . to review . . . arguments that the agency committed legal error by applying the wrong legal standard . . . in determining that he was convicted of a particularly serious crime under the limited review provision." *Id.* at 674–75 (citing 8 U.S.C. § 1252(a)(2)(D)). In reviewing the agency's particularly-serious-crime analysis, "we consider whether the agency relied on the appropriate factors and proper evidence." *Chmukh*, 124 F.4th at 675 (simplified). "We disturb the agency's judgment only if it acted arbitrarily, irrationally, or contrary to law by failing to apply or misapplying the proper standard." *Id.* (simplified).

First, the agency applied the correct legal standard in determining that Flores-Jimenez was convicted of a particularly serious crime and that his conviction bars him from withholding of removal.

The agency determines if crimes punishable by a prison term of less than five

years are particularly serious on a case-by-case basis. *Mairena v. Barr*, 917 F.3d 1119, 1124 (9th Cir. 2019) (per curiam). "The applicable legal standard to determine if a crime is particularly serious, described in the BIA's decision in *Matter of Frentescu*, . . . requires the agency to ask whether the nature of the conviction, the underlying facts and circumstances[,] and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (simplified). The petitioner's mental condition at the time of the crime is part of the underlying facts and circumstances. *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018).

Here, the IJ expressly considered the *Frentescu* factors, including Flores-Jimenez's behavior and mental condition during the crime. The IJ thus applied the correct legal standard in finding that Flores-Jimenez committed a particularly serious crime. And the IJ permissibly considered evidence regarding Flores-Jimenez's decision to brandish a box cutter at innocent bystanders in reaching her particularly serious crime determination.

Second, the agency relied on appropriate evidence regarding Flores-Jimenez's mental illnesses in conducting its particularly serious crime analysis. The IJ considered the mental illnesses that Flores-Jimenez identified as affecting the crime; she was not required to "expressly consider every diagnosed mental disorder no

matter whether the applicant attributes his offense to the diagnosis." *Edgar G.C. v. Bondi*, 136 F.4th 832, 843 (9th Cir. 2025). And the IJ did not impose nonexistent legal requirements by mentioning that Flores-Jimenez did not have auditory hallucinations, visual hallucinations, or other perceptual disturbances while he committed the crime. "Mentioning the absence of such evidence . . . does not imply that it is always required—it merely acknowledges that no such mitigating factor existed on this record." *Id.* at 844.

2. Substantial evidence supports the agency's conclusion that Flores-Jimenez is not eligible for relief under CAT. We have jurisdiction to review challenges to the agency's denial of deferral of removal under CAT. *See Nasrallah v. Barr*, 590 U.S. 573, 581 (2020). CAT provides two forms of relief, withholding of removal and deferral of removal, and they require the same analysis. *Maldonado v. Lynch*, 786 F.3d 1155, 1162 n.7 (9th Cir. 2015) (en banc). Although Flores-Jimenez's conviction of a particularly serious crime makes him ineligible for withholding of removal, that bar does not apply to deferral of removal. *See id.*

We review legal questions de novo and factual findings for substantial evidence. *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024). We cannot reweigh the evidence when reviewing the agency's decision, and the evidence does not compel the opposite conclusion just because it would support a different result. *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009).

The IJ did not err when she incorporated relevant portions of her withholding of removal analysis, as well as her underlying factual findings, into her CAT analysis. On the contrary, the IJ articulated the correct deferral of removal legal standard and comprehensively explained why Flores-Jimenez failed to meet it. She addressed each of Flores-Jimenez's proposed sources and theories of persecution, and conducted an appropriate likelihood of persecution analysis. The IJ permissibly applied the *J-F-F* framework as *part* of her analysis of one of Flores-Jimenez's theories of torture regarding his mental health conditions. *See Matter of J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006). Importantly, the IJ did not require Flores-Jimenez to show that each step in the multiple hypothetical theories he posits—involving future torture by multiple different actors—was more likely than not to occur. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022). Moreover, the IJ then considered all proposed theories of torture in the aggregate and concluded that the cumulative evidence in the record did not establish a sufficient likelihood of torture. *See Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011); *Velasquez-Samayoa*, 49 F.4th at 1155. Overall, the evidence does not compel us to conclude that Flores-Jimenez met "the high threshold of establishing that it is more likely than not that [he] will be tortured by or with the consent or acquiescence of a public official." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

**PETITION DENIED.**